IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BENJAMIN JORDAN, ID # 878209,    )
        Plaintiff,          )
                            )
vs.                        )          No. 3:04-CV-0949-R
                            )
GARY JOHNSON, et al.,        )
        Defendants.        )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementa-tion thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

## I. BACKGROUND

On May 4, 2004, the Court received the instant civil action filed by plaintiff pursuant to 42 U.S.C. § 1983. (Compl. at 2.)[1] In his complaint, plaintiff seeks to sue Gary Johnson for not "con-tact[ing] Dallas County about [his] incarceration," state District Judge Edwin King for not "revok-[ing] [his] probation for Cause No. 99-47917-HI," an unidentified Assistant District Attorney for not "process[ing] a bench warrant" for that case, and his defense attorney for not "ma[king] sure [plaintiff] made it to court." (*Id.* at 3.)

To flesh out the bases for this action, the Court sent plaintiff a Magistrate Judge's Question-naire (MJQ). On December 6, 2004, the Court received his answers.[2] (*See* Answers to MJQ.)

_____

[1] The complaint filed by plaintiff commences with page two. The Court will use the page numbers from that document to avoid confusion.

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Plaintiff claims that he was placed on probation in August 1998. (*See* Answer to Question 4). On or about June 9, 1999, he appeared before Judge King for trial in a new case, Cause No. F99-47917, and for a hearing on the State's motion to revoke his probation in Cause No. F98-48510-I.[3] (*See* Answer to Question 2.) Plaintiff contends that he requested shock probation, and that Judge King set a hearing to determine whether supervision would be granted. (*Id.*) Plaintiff again appeared before Judge King on June 25, 1999, for trial in the 1999 case and again requested shock probation. (*Id.*) He claims that Judge King told him that his case would be reassessed in six months for possible probation. (*Id.*)

On or about January 17, 2000, and while in state custody, plaintiff was advised that a bench warrant had been issued for him from Dallas County. (*See* Attachment to Answers to MJQ at 1.) While he was being transported from state custody to Dallas County, he inadvertently took his cell mate's medication instead of his own, which resulted in his hospitalization. (*Id.* at 2.) Upon his release from the hospital, he was transported to another state unit for psychological evaluation. (*Id.*) Ultimately, he was returned to his unit in February 2000 without having made an appearance in Dallas County. (*Id.*; Attachment 1 to Compl. at 2.) Plaintiff's claims against each defendant appear to arise out of the failure to ensure his return to Dallas County for consideration of shock probation. (*See* Answers to Questions 1 to 3, Attachment to Answers to MJQ at 2.) No process has issued in this case.

---

[3]   In January 2005, the Court received a civil complaint from plaintiff that raises similar claims as this action, but primarily focuses on Cause No. F98-48510, whereas the instant complaint focuses on plaintiff's conviction in Cause No. F99-47917. *See Jordan v. Johnson*, No. 05-0104-N (N.D. Tex. Apr. 11, 2005) (findings, conclusions, and recommendation). On April 28, 2005, the Court dismissed plaintiff's other civil action as untimely. *See Jordan v. Johnson*, No. 05-0104-N (N.D. Tex. Apr. 28, 2005) (judgment).

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998).  Because he is proceeding *in forma pauperis*, plaintiff's complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios."  *Id.* at 327-28.  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

## III.  STATUTE OF LIMITATIONS

Plaintiff has filed this action pursuant to 42 U.S.C. § 1983. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

3

In this instance, the alleged acts and omissions upon which the instant litigation is based upon defendants' failure to ensure his return to Dallas County after February 2000. The lengthy delay between the date of the alleged acts and the date plaintiff filed the instant action in April 2004 prompts consideration of the timeliness of the instant action. "Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). In such circumstances, courts may also dismiss the claims under § 1915A when it applies. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-21 (5th Cir. 1998). The Court "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In view of Texas' two-year statute of limitations for personal injury claims, plaintiff "had two years to file suit from the date" that his claims accrued. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

Accrual of a § 1983 claim is governed by federal law:

> Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.' A plaintiff's awareness encompasses two elements: '(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.' A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required 'if the circumstances would lead a reasonable person to investigate further.'

*Piotrowski*, 237 F.3d at 576 (citations omitted).  In other words, "[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

In this instance, plaintiff's claims fall well outside the applicable statutes of limitation.  Plaintiff's complaint, as supplemented by his answers to the MJQ, establishes that he knew the facts that form the basis for his claims in February 2000, when he was not returned to Dallas County as he expected.  However, plaintiff did not file the instant suit until April 2004 – more than four years later.  Because it appears that this action is time-barred, the Court may summarily dismiss the action as untimely.  *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (holding that court may summarily dismiss the complaint filed *in forma pauperis*, if it is "clear" that claims asserted are barred by limitations).

## IV.  TOLLING

Although the instant action appears time-barred, the applicable limitations period may be equitably tolled in appropriate circumstances.  *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998).  "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control."  *Id.*  "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court.  The federal court may disregard the state tolling rule only if it is inconsistent with federal policy."  *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted).

If not tolled, limitations generally continue "to run until the suit is commenced by the filing of the plaintiff's complaint in the clerk's office."  *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).  Plaintiff filed his complaint more than two years after the applicable statutes of limitations

5

had expired.  He provides no basis for equitable tolling under Texas or federal law.  Consequently,

his claims should be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A for his failure

to file them within the statutory periods of limitations.

## V.  RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS** this action with

prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure of plaintiff

to file it within the statutory period of limitations.  Such dismissal will count as a "strike" or "prior

occasion" within the meaning 28 U.S.C. § 1915(g).[4]

**SIGNED this 1st day of December, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4]  Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7